Luis Meaux, demandante y apelante, *v.* Sucn. de José Rodríguez Pérez, demandada y apelada.

Núm. 9197.—*Sometido:* Febrero 14, 1946. *Resuelto:* Febrero 25, 1946.

*A. Díaz Viera* y *R. Díaz Collazo,* abogados del apelante; *M. Benítez Flores,* abogado del apelado José Manuel Rodríguez; *Félix Ochoteco, Jr.* y *Luis E. Dubón,* abogados de los demás apelados miembros de la sucesión demandada; *Otero Suro & Otero Suro,* abogados del Administrador Judicial.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

José Rodríguez Pérez falleció el 24 de noviembre de 1940. El 11 de febrero de 1941 Luiz Meaux demandó a la Sucesión de Rodríguez Pérez en cobro de dinero, alegando que el 28 de octubre de 1940 Rodríguez Pérez había suscrito un pagaré por $7,000 con intereses al 6 por ciento; que el pagaré era pagadero a favor de Meaux y que había vencido el 28 de enero de 1941; y que Meaux había requerido de pago a la Sucesión, a lo que se negó ésta. La demandada contestó la demanda, alegando que el pagaré era espurio y que su causante nunca adeudó al demandante cantidad alguna. Celebrado el juicio en los méritos, la corte de distrito dictó sentencia desestimando la demanda y concediendo a los demandados costas y honorarios de abogado en la suma de $750 para el abogado de uno de los demandados y $1,500 para el abogado de los otros demandados. El demandante apeló de dicha sentencia.

Señala dos errores: (1) la apreciación de la prueba por la corte de distrito; (2) la concesión de costas y honorarios de abogado. En cuanto al primer error, el récord contiene evidencia en demasía que plenamente justifica la conclusión a que llegó la corte inferior de que el pagaré era espurio.

Sólo necesitamos examinar algunos de los acontecimientos más sobresalientes del caso para quedar convencidos de este hecho.

■ Después de radicarse la demanda, la corte, a solicitud de la demandada, ordenó al demandante que produjera el pagaré original para ser examinado por un perito. Luego el demandante supo que un perito que había examinado el pagaré era de opinión que éste era espurio. En la esperanza de evitarse el efecto de la declaración de este perito e ignorando que la demandada había hecho tomar fotocopias del pagaré original, el demandante retiró el pagaré que había depositado en corte y en el juicio ofreció en evidencia como el supuesto pagaré original otro documento que de su faz es diferente en varios aspectos al comparársele con la fotocopia del pagaré original.

El demandante declaró que Juan Rodríguez había insertado a máquina el texto del pagaré. Rodríguez declaró que le era imposible determinar si el pagaré presentado en evidencia había sido llenado a máquina por él. La declaración de Rodríguez por tanto no sería de importancia, a no ser por el hecho de que otra prueba demostró que obtuvo una orden para venderle cierta maquinaria al causante, que dió lugar a una reclamación suya contra la sucesión. Se torna evidente la conexión de Rodríguez con este caso cuando la demandada presentó convincente prueba pericial al efecto de que la orden en cuestión, indubitadamente firmada por el causante, se usó para falsificar su firma en el pagaré originalmente depositado en corte, calcándola de la orden.

El pagaré ofrecido en evidencia por el demandante no fué el mismo pagaré que el demandante sometió para que la demandada lo examinara y que luego el demandante retiró de la corte. Pero también este segundo pagaré era espurio. Aquí, tanto la prueba pericial como un examen del pagaré, demuestran fuera de toda duda, que la firma en este segundo pagaré fué calcada de la firma del causante que aparece en

otro pleito instado por él. Es por demás significativo que el expediente original en ese pleito estuvo en manos del demandante, quien lo obtuvo para examen mediante moción radicada al efecto.

Aparte de la prueba presentada al efecto de que el pagaré era espurio, la evidencia justificó eminentemente la conclusión de la corte de distrito de que la deuda en pago de la cual se alegó fué otorgado nunca existió. El demandante declaró que le entregó al causante la suma de $7,000 a requerimiento de éste de conformidad con un convenio mediante el cual el demandante en el futuro recibiría una parte proporcional de las ganancias provenientes del negocio de préstamo a los empleados municipales a cambio de la compra de sus cheques, negocio a que se dedicaba el causante; y que el pagaré de hecho no devengaría intereses, habiéndose insertado la cláusula de intereses para aquellas circunstancias como la presente. Así pues nos encontramos al demandante con su propia declaración desacreditando la teoría de su demanda, cual era que le había hecho un préstamo al causante que devengaría intereses al seis por ciento.

Otros aspectos de la declaración del demandante son igualmente increíbles. Se refirió a grandes transacciones comerciales, pero admitió que no tenía cuenta de banco. Alegó que le entregó al causante los $7,000 en efectivo, a saber, cuatro billetes de $500, cuarenta y nueve billetes de $100 y cinco de $20, dinero que guardaba en su casa en una caja. Declaró bajo juramento que había radicado planillas de contribuciones sobre ingresos desde el 1938; pero los archivos del Departamento de Hacienda demuestran que nunca radicó una sola planilla.

Por otro lado, el testimonio incontrovertido de la demandada fué que el causante, quien era muy conservador y frugal, hubiera podido, de así desearlo, en octubre de 1940 tomar a préstamo de su banco, sin garantía de clase alguna,

la suma de $20,000. Sin embargo, aun cuando se dedicaba a muchas transacciones comerciales de alguna importancia, no tomó a préstamo de su banco desde 1935 hasta la fecha de su muerte cantidad alguna. Más aún, en octubre, 1940, tenía depositada en su cuenta con el banco, devengando el uno y medio por ciento, la suma de $50,000, que pudo muy bien usar en vez de tomar dinero prestado al demandante y pagarle intereses al seis por ciento. Y al ocurrir la muerte de Rodríguez el 24 de noviembre de 1940, tenía depositada en su cuenta con el banco la suma de $43,000, y dejó considerables propiedades.

No obstante haber el demandante declarado que le entregó al causante la suma de $7,000 el 28 de octubre de 1940, éste no depositó en el banco cantidad mayor alguna de $2,600 durante el mes de octubre de 1940. El causante frecuentemente discutía sus asuntos en detalle con el gerente de su banco, pero nunca mencionó este supuesto convenio. Y siempre hizo personalmente sus transacciones en relación con su importante negocio de comprar cheques municipales, sin la intervención del demandante o de cualquier otra persona.

Lejos de encontrar base alguna que justifique que intervengamos con las conclusiones de la corte inferior al efecto de que el pagaré era espurio y que nunca existió obligación del causante de pagarle dinero alguno al demandante, no podemos ver de qué manera podía la corte de distrito llegar a otro resultado. El esfuerzo del demandante para utilizar las cortes con la idea de consumar una trama fraudulenta malamente ideada y torpemente ejecutada, queda expuesto con toda claridad.

El segundo error merece escasa consideración. La conducta del demandante debe caracterizarse con una palabra mucho más fuerte que temeridad. *Olmedo* v. *Rivera*, 65 D.P.R. 49. La corte de distrito estuvo plenamente justificada en concederle a la demandada costas y honorarios de

abogados en las sumas ya indicadas. Y el récord no demuestra justificación alguna para entablar esta apelación. En su consecuencia, declararemos con lugar la súplica de la demandada para que se le concedan costas y honorarios de abogados en este tribunal.

*La sentencia será confirmada, con costas y honorarios de abogados ante este tribunal en la suma de $500.*